Lynne M. Kizis, *Pro Hac Vice*
  lkizis@wilentz.com
Kevin P. Roddy, CA State Bar No. 128283
  kroddy@wilentz.com
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
Tel:     (732) 855-6402

Kimberly Beck, *Pro Hac Vice*
  kim@becklawcenter.com
BECK LAW CENTER
201 E. 5th Street, Suite 1900
Cincinnati, Ohio
Tel:     (888) 434-2912

*Attorneys for Plaintiff*

Shehnaz M. Bhujwala, CA State Bar No. 223484
  bhujwala@boucher.la
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:     (818) 340-5400
Fax:     (818) 340-5401

*Local Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MARK STARR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP. a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 4:22-cv-02138-JSW<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF MARK STARR'S EX PARTE MOTION TO DISMISS WITH PREJUDICE AND STAY CURRENT DEADLINES ON DEFENDANTS' PENDING MOTIONS**<br><br>[Fed. R. Civ. Proc. 41(a)(2); L.R. 7-10]<br><br>The Hon. Jeffrey S. White |

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2)

Plaintiff Mark Starr, by and through his counsel of record, respectfully moves the Court for an order granting Plaintiff's ex parte motion to voluntarily dismiss this case with prejudice as to all Defendants and stay all further briefing deadlines and continue the hearing on Defendants' pending motion for summary judgment (ECF Doc. 60) and pending motion to exclude or limit the testimony of Plaintiff's expert, Dima M. Qato (ECF Doc.59), including Plaintiff's deadlines to respond to these motions. Plaintiff understands that his specific causation expert witness has recently withdrawn his opinion from the case and that success without a specific causation expert is remote.

## I.     BACKGROUND

This is one of over 200 cases pending in federal court in California and state court in New Jersey involving plaintiffs who have filed suit against Defendants for injuries suffered as a result of ingesting Defendants' prescription drug, Singulair, or its generic equivalent.

Plaintiff Mark Starr brought suit against the Merck Defendants in March of 2022, claiming neuropsychiatric injuries caused by taking the generic equivalent of Defendants' Singulair. Plaintiff and his counsel have pursued this case in good faith and continue to believe that Defendants should be held legally responsible for the injuries he has suffered from Defendants' drug. Despite this, he believes a voluntary dismissal with prejudice is the best course of action at this time due to an issue with one retained witness's withdrawal of his opinion, as his case faces summary judgment.

The parties in this case have engaged in discovery, including expert discovery. Here, Plaintiff hired Dr. Jeff Victoroff to review Plaintiff's records, interview Plaintiff and render an opinion as to whether Plaintiff's neuropsychiatric injuries were caused by his Singulair ingestion. Dr. Victoroff's deposition did not go as Plaintiff's counsel expected, but Plaintiff's counsel had differing opinions as to the significance of the concessions made during his deposition and what evidentiary issues could be otherwise overcome. Counsel discussed Dr. Victoroff's deposition extensively with Mr. Starr.

Defendants moved to exclude the opinions of Dr. Victoroff. Plaintiff's deadline to respond to Defendants' motion to exclude was June 21, 2024. Due to a calendaring error, Plaintiff did not

timely file the opposition in response. As soon as the error was discovered, Plaintiff's counsel contacted Defendants' counsel to explain the error and ask Defense counsel to agree to Plaintiff's request for an extension. Defense counsel indicated that they would agree that Plaintiff's counsel could have until July 5, 2024, to file an opposition.

On July 3, 2024 Dr. Victoroff withdrew his expert report and opinion. Plaintiff's counsel discussed this with Plaintiff. Plaintiff's current deadline to respond to Defendants' motion for summary judgment and to Defendants' motion to exclude or limit the opinions of Plaintiff's other expert is today, July 10, 2024. Under the circumstances recently presented, Plaintiff has agreed to dismiss his action.

Plaintiff's counsel sought to secure an agreement with Defendants' counsel to stipulate to voluntary dismissal with prejudice of Plaintiff's action under Rule 41(a)(1). A stipulated motion for dismissal could not be reached today, the deadline for Plaintiff to file his responses to Defendants' pending motions. Following a meet and confer held today, Defendants' counsel have indicated that they will not stipulate to voluntary dismissal because Defendants' present intent is to seek costs.

## II.     LAW AND ARGUMENT

Pursuant to Federal Rule of Civil Procedure 41(a)(2), this Court has discretion to dismiss an action at the plaintiff's request "upon such terms and conditions as the court deems proper." The Court should grant dismissal under Rule 41(a)(2) "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice is just that — prejudice to some legal interest, some legal claim, some legal argument. . . . [¶] [T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Spartan Capital Sec., LLC v. Vicinity Motor Corp.*, No. 23-cv-01180-TSH, 2024 U.S. Dist. LEXIS 87840, at *4 (N.D. Cal. May 15, 2024), quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The Ninth Circuit, and specifically this Court has held that imposition of costs or fees are appropriate only in the most unique circumstances. *Spartan Capital Sec.*, 2024 U.S. Dist. LEXIS 87840, at *5. "[P]ayment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice." *Dongwoo John Chang v. Pomeroy*, No. 08-cv-0657, 2011

U.S. Dist. LEXIS 13806, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011). *See, e.g., Gonzalez v. Procter and Gamble Co.*, No. 06-cv-869 WQH (WMc), 2008 U.S. Dist. LEXIS 16872, 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice."); *Larsen v. King Arthur Flour Co.*, No. 11-cv-05495-CRB, 2012 U.S. Dist. LEXIS 92289, 2012 WL 2590386, at *1 (N.D. Cal. July 3, 2012) ("Attorneys' fees and costs will not be imposed as a condition for voluntary dismissal with prejudice because there is no risk of future litigation."); *Chavez v. Northland Grp.*, No. 09-cv-2521-PHX-LOA, 2011 U.S. Dist. LEXIS 10113, 2011 WL 317482, at *4, 9 (D. Ariz. Feb.1, 2011) (granting plaintiff's motion to dismiss with prejudice and denying defendant's request for attorney fees and costs).

### A. This Case Should be Voluntarily Dismissed With Prejudice.

Plaintiff seeks a voluntary dismissal of his action against Defendants with prejudice under Rule 41(a)(2). Here, Defendants will not be able to demonstrate legal prejudice. There is no strategic reason to dismiss this case beyond simply concluding the case for all parties and the Court. Plaintiff here simply seeks to not continue the litigation, freeing the defendants from any additional litigation involving this plaintiff. There is no legal prejudice to the defendants. Accordingly, Plaintiff asks this court to dismiss this case with prejudice.

### B. The Dismissal Should be Without Conditions

Plaintiff filed this case in good faith and has pursued this case in good faith. This is a request for a dismissal with prejudice. There are no unique circumstances at issue here warranting imposition of any conditions, let alone requiring Plaintiff to pay Defendants' legal costs or fees.

### C. The Court Should Temporarily Stay the Current Briefing Deadlines and Hearing on Defendants' Pending Motions While Plaintiff's Motion is Decided.

Plaintiff's deadline to respond to Defendants' pending motion for summary judgment and motion to limit or exclude the testimony of Plaintiff's expert, Dima Qato, is today. In the interests of justice, Plaintiff respectfully requests that the Court stay the briefing schedule and hearings on these dispositive motions, while Plaintiff's ex parte motion for voluntary dismissal is decided.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's case should be dismissed with prejudice, with each party to bear their own fees and costs.

DATED: July 10, 2024

Respectfully submitted,

BECK LAW CENTER

By: _____/s/ Kimberly Beck_____
KIMBERLY BECK

21600 Oxnard Street, Suite 600
Woodland Hills, CA  91367-4903
Tel:  (818) 340-5400
E-mail:  bhujwala@boucher.la

LYNNE M. KIZIS
WILENTZ, GOLDMAN & SPITZER

*Attorneys for Plaintiff*

BOUCHER LLP
SHEHNAZ M. BHUJWALA

*Local Counsel for Plaintiff*